IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEXIE COVINGTON,**

                **Plaintiff,**

                                         CIVIL ACTION
    **vs.**                                      No. 05-3203-GTV

**OFFICER LEGLEITER, et al.,**

                **Defendants.**

<u>ORDER</u>

This matter is before the court on complaint filed under 42 U.S.C. 1983 by a prisoner incarcerated in the Winfield Correctional Facility (WCF) in Winfield, Kansas. Plaintiff seeks damages on various allegations of unprofessional and discriminatory conduct by a WCF guard.

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). <u>See</u> <u>also</u>, <u>Booth v. Churner</u>, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). <u>See</u> <u>also</u> <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint,

or to "describe with specificity the administrative proceeding and its outcome"), cert. denied 125 S.Ct. 344 (2004).

In the present case, plaintiff documents a response by the WCF warden to plaintiff's April 1, 2005, grievance, but plaintiff provides no information to indicate he appealed from that response to the Secretary of Corrections.[1]  See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)(inmate who begins grievance procedure and does not complete it by filing appeal after response time has expired is barred by 1997e(a) from pursuing claim under 42 U.S.C. 1983).  Accordingly, plaintiff is directed to show cause why the complaint should not be dismissed without prejudice under 42 U.S.C. 1997e(a).

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the complaint should not be dismissed without prejudice, pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 18th day of May 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge

---

[1] Plaintiff provides a copy of a letter he submitted to the Secretary, dated two days before the Warden's response.  This premature and informal document to the Secretary does not reflect plaintiff's full exhaustion of the formal grievance procedure.

2