IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LEXIE COVINGTON,

                        Plaintiff,

                                        CIVIL ACTION
            vs.                         No. 05-3203-SAC

OFFICER LEGLEITER, et al.,

                        Defendants.


ORDER

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983.  Pursuant to plaintiff's motion for leave to proceed in forma pauperis and 28 U.S.C. § 1915(b)(1), the court directed plaintiff to pay an initial partial filing fee of $38.00.  The court has reviewed plaintiff's response and finds plaintiff has a prior fee obligation in this court.[1]  Accordingly, any funds forwarded to this court from plaintiff's inmate trust fund account through the automatic payment provisions in 28 U.S.C. § 1915(b)(2) must first be applied to this prior and outstanding fee obligation.  The court grants plaintiff's motion for leave to proceed in forma pauperis in this matter.  Plaintiff remains obligated to pay the full $250.00 district court filing fee through payments from his inmate trust fund account, as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion

--------------------

[1]See Covington v. Kodsar, Case No. 04-3213-GTV (remainder of $150.00 district court filing fee).

thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

To allege a valid claim under 42 U.S.C. § 1983, plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).  Having reviewed the complaint filed in this matter , the court finds no cognizable constitutional claim is stated upon which relief can granted under § 1983.

Plaintiff alleges Officer Legleiter acted unprofessionally, disrespectfully, and with racial animus by using the word "hey" when addressing plaintiff.  This alleged misconduct falls far short of establishing that plaintiff "is incarcerated under conditions posing a substantial risk of serious harm" or that any prison official acted with deliberate indifference to plaintiff's health and safety.  Farmer v. Brennan, 511 U.S. 825 (1994).  Nor do plaintiff's allegations reflect that he is denied "the minimal civilized measure of life's necessities" or that state actors showed "deliberate indifference" to plaintiff's needs.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  See also Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(allegations of verbal harassment or abuse state no claim insufficient to state no claim for relief under § 1983).

Additionally, plaintiff's bare allegation that Officer Legleiter violated professional codes or rules of conduct is insufficient to state a cognizable constitutional claim.  Section 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief

for alleged violations of state law.  Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988).

Because nothing in plaintiff's allegations suggests that amendment of the complaint might cure this defect, the court concludes the complaint should be dismissed. *See e.g.,* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 20th day of January 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge